[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This is a consolidated appeal from two judgment entries of the Lucas County Court of Common Pleas, Juvenile Division. In the first judgment entry, the trial court found that appellant, Antoine C., was a delinquent minor, following an admission from appellant that he had committed robbery when he forcibly took a bicycle from its minor owner. The dispositional order entered by the trial court was a suspended fifty dollar fine and probation. The trial court imposed certain conditions on the probation order, including requirements that appellant attend school daily, obey all school rules and regulations, not associate with other probationers or with persons who use drugs or alcohol and that appellant not use drugs or alcohol. The trial court also placed appellant under house arrest.
The second judgment entry from which appellant appeals was filed by the trial court on February 19, 1997. In the judgment entry the trial court found that appellant violated his probation. The trial court ruled that appellant was a delinquent because he violated a court order. The disposition ordered by the trial court was that appellant be committed to the legal custody of the Ohio Department of Youth Services ("DYS") for institutionalization for an indefinite period of one year to the time appellant reaches twenty-one years of age.
Appellant filed a motion for a delayed appeal from the initial judgment in which the trial court found him delinquent for the admitted robbery. This court granted the request to bring a delayed appeal.
Appellant also filed a notice of appeal from the judgment ordering the revocation of his probation and his institutionalization at DYS. The two appeals were ordered consolidated by this court, and appellant was appointed appellate counsel.
Appellant's appointed counsel has filed a motion to withdraw and a brief containing proposed assignments of error pursuant to Anders v. California (1967), 386 U.S. 738. Appellant's appointed counsel has also filed an affidavit stating that he could not find any arguable issues for appeal after a thorough review of the record and of applicable law. He further avers that he has sent appellant a copy of his motion to withdraw and of the brief containing the proposed assignments of error to give appellant an opportunity to file any additional arguments he wants this court to consider. Appellant did not file a separate brief or any additional arguments.
The proposed assignments of error presented by appellant's appointed counsel are:
 "I. THE APPELLANT WAS DENIED HIS RIGHT TO COUNSEL PURSUANT TO THE VI AND XIV AMENDMENTS OF THE U.S. CONSTITUTION, SECTION 10, ARTICLE 1 OF THE OHIO CONSTITUTION AND JUR.R.4, 29 [SIC] AND 3.
 "II.THE [SIC] APPELLANT'S ADMISSION WAS NOT VOLUNTARY AND KNOWING UNDER THE XIV AMENDMENT TO THE U.S. CONSTITUTION, SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION AND JUV.R.29 [SIC]."
This court has carefully considered the proposed assignments of error and has independently reviewed the record to decide if any arguable issue exist. For the following reasons, we find that this case is wholly frivolous, see State v. Duncan (1978),57 Ohio App.2d 93, 93-94.
First, the record shows that appellant was represented by counsel when he entered an admission to the robbery charge and when the court gave its dispositional order placing him on probation with conditions and imposing a suspended fine. Second, the record shows that the trial court offered to appoint counsel to represent appellant regarding the motion to show cause for a probation violation. Appellant's mother was present at the hearing on the motion to show cause.
Appellant declined the offer for appointed counsel and chose to enter an admission of the probation violation. The record shows the court personally addressed appellant and personally informed appellant of the rights appellant would waive if he entered an admission. The court also carefully explained the consequences appellant could face if he entered an admission, including the possibility of institutionalization at DYS for an indefinite term. Appellant's admission of the probation violation was not accepted by the court until the court and appellant had an extensive dialogue in which appellant stated that he understood his rights and that he was voluntarily waiving his rights. The trial court therefore did more than Juv.R. 35(B) requires to protect appellant's rights, see In Re: Demetrius Herring (July 10, 1996), Summit App. No. 17553, unreported, and this court finds no merit in either of the proposed assignments of error.
Finally, this court independently considered whether the trial court's imposition of an order institutionalizing appellant following a probation violation created an arguable issue for appeal. Specifically, we considered whether an argument could be presented that the trial court could not order institutionalization of appellant following his probation violation because the original dispositional order did not and could not include institutionalization of appellant, because he was only eleven years of age at the time he was found delinquent. We carefully reviewed the applicable law on the issue, see, e.g.,
In the Matter Of: Cordale R. (Jan. 10, 1997), Erie App. No. E-96-019, unreported; In Re: Demetrius Herring (July 10, 1996), Summit App. No. 17553, unreported; In the Matter of: James L.Cunningham (Feb. 13, 1996), Franklin App. No. 95APF08-1015, unreported; and In the Matter of: Antonio Kelly (Nov. 7, 1995), Franklin App. No. 95APF05-613, unreported. The case law shows that: "Upon revocation of probation a court may impose any sentence that it could have originally imposed."
In the Matter Of: Cordale R. (Jan. 10, 1997), Erie App. No. E-96-019, unreported. Since the trial court could have originally crafted a dispositional order placing appellant on probation until he reached the minimum age for institutionalization, and then sending him to DYS for an indefinite term, no arguable issue exists that the trial court exceeded its authority in this case when it ordered that appellant be sent to DYS for an indefinite term following his admission of a probation violation.
Appellant's two proposed assignments of error are not well-taken. Accordingly, counsel's request to withdraw is granted, and this case is found wholly frivolous. The judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. Appellant is ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 ________________________________ Peter M. Handwork, P.J.
JUDGE
 ______________________________ Melvin L. Resnick, J.
JUDGE
 _______________________________ Richard W. Knepper, J.
JUDGE
CONCUR.